IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAROLD LEROY FISHER, JR.,

                                                                                                ORDER

                      Petitioner,

                                                                          3:07-cv-639-bbc

    v.

CAROL HOLINKA, Warden,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On November 7, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a request for leave to proceed <u>in forma pauperis</u>. In support of his request to proceed <u>in forma pauperis</u>, petitioner submitted a trust fund account statement covering the period from October 2, 2007 to October 28, 2007. In an order dated November 30, 2007, I told petitioner that the one-month statement he provided was insufficient for me to determine whether he is indigent and that he would have to provide a trust fund account statement covering the period beginning May 2, 2007 to October 1, 2007. I told petitioner also that because it appeared that he had been transferred to FCI-Oxford from FCI-Leavenworth on approximately October 2, 2007, he would have to write to Leavenworth and request a copy of his trust fund account statement from May 2 to

1

October 1. Now petitioner has filed a letter dated December 6, 2007, that I construe as a motion to waive the $5 fee for filing his petition or, in the alternative, for an extension of time to pay. Both motions will be denied as unnecessary because the information petitioner submitted with his motion is sufficient to allow the court to assess his indigency.

In his current motion, petitioner says that he has attempted to obtain a copy of his trust fund account statement from Leavenworth but was unable to do so because "all Bureau of Prison inmate accounts are now centrally located in Des Moines, Iowa" and "[w]ithout help from Bureau of Prison staff (case manager, inmate trust fund supervisor, etc.) accessing computer records, which I cannot do, I am unable to obtain the documents the courts asks for." However, petitioner has now submitted with his present motion a "Federal Bureau of Prisons TRUFACS Inmate Statement." Although this document has been signed by someone whose signature is illegible, the title next to the signature is "Trust Fund Supervisor." On this document the supervisor confirms that for the past six months petitioner has received deposits to his account in the amount of $6.48. This means that petitioner's average monthly deposits over the same period is $1.08, and that twenty percent of that average is $.22. Therefore, I find that petitioner may proceed <u>in forma pauperis</u> in this action on the condition that he pay $.22 of the $5 filing fee.

ORDER

2

IT IS ORDERED that petitioner's motion to waive the $5 fee for filing his petition or, in the alternative, for an extension of time to pay is DENIED as unnecessary.

Further, IT IS ORDERED that petitioner's request for leave to proceed <u>in forma pauperis</u> in this case is GRANTED, on the condition that petitioner submit a check or money order made payable to the clerk of court in the amount of $.22 on or before January 22, 2008. If, by January 22, 2008, petitioner fails to pay the partial fee he has been ordered to submit, then the clerk of court is directed to close this file for petitioner's failure to prosecute. As soon as petitioner submits the required amount, the court will take under advisement his petition for a writ of habeas corpus for a determination whether it is appropriate to issue an order directing respondent to show cause why petitioner's petition should not be granted.

Entered this 31st day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge