IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAROLD LEROY FISHER, JR.,

                Petitioner,

    v.

CAROL HOLINKA, Warden,

                Respondent.

OPINION and ORDER

07-cv-639-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Harold LeRoy Fisher, Jr. is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin.  In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, he is asking for credit on his federal sentence for time he spent serving a state sentence.  In particular, petitioner says that when state officials arrested him following his escape from federal prison and sentenced him to state prison for violations of state law,  he remained in federal custody and thus is entitled to credit on his federal sentence.

In an order dated March 24, 2008, I screened the petition and concluded that from the facts petitioner alleged, petitioner had been placed first in state custody after his escape from federal prison, but it remained unclear whether the state, having primary jurisdiction,

1

relinquished its custody over petitioner before he served his state sentence.  Bureau of Prison records for December 2001 classified petitioner as "designated, at assigned facil[ity]," appearing to treat petitioner as "in federal custody" serving his sentence.  On that basis, I ordered respondent to show cause why the petition should not be granted.  The government has responded as directed and petitioner has filed a traverse.  In addition, petitioner has filed a renewed motion for appointment of counsel.

From the developed record, I conclude that the undisputed evidence shows that although petitioner was classified initially as "designated" from December 6, 2001 until December 18, 2001, he was reclassified immediately as in "holdover" status for those dates.  In addition, federal custody records show that petitioner was classified as "on loan" on writs of habeas corpus ad prosequendum both before and after the dates in question.  Because the new evidence explains the Bureau's treatment of petitioner's classification as "designated" (as a clerical error), no concern remains that the state ever relinquished its jurisdiction to federal authorities.  Because there is no evidence that the state relinquished its jurisdiction over petitioner before he completed his state sentence, the petition will be denied.  Petitioner's motion for appointment of counsel will be denied as moot.

Before turning to the facts, I address two issues.  First, petitioner devotes most of his 30-page traverse to arguing that I erred in concluding that the state of Arizona gained primary jurisdiction over petitioner by arresting him.  To the extent petitioner is attempting

2

to move for reconsideration of my screening order, that motion will be denied.  Nothing in petitioner's traverse convinces me that my initial ruling was erroneous.  Second, although petitioner attempts to dispute certain facts proposed by respondents, he does so with conclusory statements and disingenuous allegations.  Because petitioner has submitted no evidence to support his assertions, they must be disregarded.  From the petition, the government's response and petitioner's traverse, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Petitioner Harold LeRoy Fisher is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin.  Respondent Carol Holinka is the warden at the Oxford Federal Correctional Institution.

On April 26, 2001, petitioner escaped from federal prison.  On April 28, 2001, he was arrested by Arizona police officers after his alleged involvement in a hit-and-run accident and assault on a state officer.  A federal indictment was brought against petitioner for his escape from the federal prison and state charges were brought against petitioner for criminal damage, aggravated assault and other things, all related to his arrest on April 28, 2001.

Petitioner was confined primarily in state facilities as he awaited his federal and state criminal proceedings.  However, the United States Marshals Service assumed custody of

3

petitioner temporarily for the purpose of allowing petitioner to attend his federal trial. Petitioner's Bureau of Prisons Inmate History Report classifies petitioner as "designated, at assigned facil[ity]" from December 6, 2001 until December 18, 2001. The same report later describes petitioner as "Administrative[ly] release[d]" and readmitted on December 18, 2001. Following that entry, the report reclassifies petitioner as in "holdover, temporarily housed" between December 6, 2001 and December 19, 2001.

Petitioner's Individual Custody and Detention Report lists petitioner as being in the custody of the United States Marshals Service on a "WHCAP" (writ of habeas corpus ad prosequendum) from October 29, 2001 until December 3, 2001 and from April 22, 2002 until December 16, 2002.

On December 13, 2002, petitioner was sentenced in the United States District Court for the Eastern District of Arkansas to 60 months' confinement for his escape from a federal prison. On August 26, 2003, after petitioner pleaded guilty to the state charges of criminal damage and aggravated assault, he was sentenced in state court to six years' confinement for his state law convictions.

After petitioner was sentenced for the state crimes, various state officials contacted the United States Marshals Service on several occasions to request that federal marshals pick up petitioner and transport him to federal custody so that he could serve his state and federal sentences concurrently in a federal prison. The marshal did not act on any of these requests.

4

Instead, the marshal waited to take custody of petitioner until his state sentence expired on June 19, 2006. The Bureau of Prisons has refused to credit petitioner for the time he served in state custody.

OPINION

Petitioner contends that his federal sentence has been miscalculated because he was "in federal custody" before his state sentence expired and is entitled to credit for that time. Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." Petitioner contends that, although he was arrested by state officials following his escape from federal prison and imprisoned for state offenses related to his state arrest, he was "received in [federal] custody" under § 3585(a) before he served his state sentence. As I explained in the order to show cause, because the state of Arizona arrested petitioner, it gained primary jurisdiction over him. Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991). As a result, petitioner could have been "in federal custody" under § 3585(a) only if federal officials took him into custody after the state of Arizona expressly relinquished its primary jurisdiction over petitioner. Williams v. Dept. of Corrections, 438 F.2d 78, 79 (9th Cir. 1971).

5

The evidence shows that although petitioner was classified erroneously at one time as "designated" in a federal facility, the state of Arizona never relinquished its jurisdiction over petitioner.  Petitioner's Bureau of Prisons History Report contains an entry that classifies petitioner's status during that time as "designated, at assigned facil[ity]," language implying that petitioner was serving his federal sentence.  However, a later entry on the same report shows that petitioner's classification as "designated" was administratively undone and petitioner was reclassified as in "holdover" status for the same time period.  From this change, I find that the bureau's classification of petitioner as "designated" was nothing more than a clerical error.  Moreover, petitioner's custody records show that he was taken out of state custody on writs of habeas corpus ad prosequendum in April 2002, well after the bureau had classified him as "designated."  The federal authorities' continued use of a writ of habeas corpus ad prosequendum to take petitioner into custody shows the state of Arizona's continued jurisdiction.  Flick v. Bevins, 887 F.2d 778, 782 (7th Cir. 1989) (citing Crawford v. Jackson, 589 F.2d 693, 695-96 (D.C. Cir. 1978)).  As the court explained in Crawford, "when an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."  A state "lending" a prisoner on a writ retains its jurisdiction over the prisoner even if the receiving jurisdiction makes administrative entries treating the prisoner as through he had started to serve his sentence.

6

<u>Id.</u> at 695.  After all, the receiving state has no authority, by mistake or otherwise, to relinquish the lending state's jurisdiction.

Because the bureau's classification of petitioner as "designated" was an administrative error that was corrected and because petitioner's individual custody report indicates that he was in federal custody on writs of habeas corpus ad prosequendum from the state of Arizona even after the bureau classified him inadvertently as "designated," there remains no concern that the state of Arizona may have relinquished its jurisdiction over petitioner before he served his state sentence.  In the absence of evidence that the state of Arizona relinquished its jurisdiction over petitioner, petitioner is not entitled to the relief he seeks in this petition for a writ of habeas corpus.

Next, petitioner has filed a renewed motion for appointment of counsel.  Dkt. #23. Because the petition will be dismissed, that motion will be denied as moot.

ORDER

IT IS ORDERED that

1.  Harold LeRoy Fisher, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States;

2.  The motion for appointment of counsel (dkt. #23) filed by petitioner is DENIED

7

as moot;

   3.  The clerk of court is directed enter judgment for respondent and close this case.

Entered this 3rd day of June, 2008.

BY THE COURT:

    /s/

_____
BARBARA B. CRABB
District Judge

8