IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAROLD LEROY FISHER, JR.,

                                                                        OPINION and ORDER

                    Petitioner,

                                                                       07-cv-639-bbc

        v.

CAROL HOLINKA, Warden,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case almost two years ago, on June 3, 2008, after I denied petitioner Harold Leroy Fisher, Jr.'s petition for a writ of habeas corpus on his claim that he was improperly denied credit on his federal sentence. Petitioner appealed, and on March 24, 2009, the Court of Appeals for the Seventh Circuit affirmed this court's decision denying petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. #37-2 (court of appeals order). Now before the court is petitioner's motion for recusal and motion for relief from judgment under Fed. R. Civ. P. 60. I will deny both motions.

A. <u>Recusal</u>

28 U.S.C. §§ 144 and 455 apply to motions for recusal and disqualification of judges.

1

Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000).

In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." Id.

Section §144 provides that when a party makes and files a timely and sufficient affidavit alleging that the judge has a personal bias or prejudice either against him or in favor of the adverse party, the judge should proceed no further and another judge should be assigned to the proceeding. The affidavit is to "state the facts and the reasons for the belief that bias or prejudice exists." The factual statements of the affidavit must support an assertion of actual bias. United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985). They must be definite as to times, places, persons and circumstances. Id. Only those facts which are "sufficiently definite and particular to convince a reasonable person that bias

2

exists" need be credited. United States v. Boyd, 208 F.3d 638, 647 (7th Cir. 2000). "Simple conclusions, opinion or rumors are insufficient." Id. The court must assume the truth of the factual assertions even if it "knows them to be false." United States v. Balistrieri, 779 F.2d at 1199.

Petitioner has not filed an affidavit stating the facts and reasons for the belief that bias or prejudice exists. Although he files what he describes as a "motion and affidavit," the document is not sworn to under oath and petitioner does not declare the truth of the statements in the document under penalty of perjury. However, even if the document could be treated as an "affidavit," I would not grant petitioner's motion for recusal. Petitioner contends that recusal is warranted because I described certain factual allegations plaintiff made in his traverse as "disingenuous" and accepted facts proposed by respondent that plaintiff says are false. As for the falsity of respondent's facts, petitioner does not identify any particular facts or explain why the court's alleged failure to properly find facts shows bias.

As for the statement that petitioner's allegations were "disingenuous," that statement does not show impartiality, bias or prejudice. Petitioner contends that it amounts to the court calling him a "liar," but that is not correct. Instead, it explains why certain assertions of petitioner's were not considered although they may have seemed to be supported by evidence on their face. For example, on the question whether petitioner was placed "in

3

federal custody" when he was arrested by Arizona police, he alleged that United States Marshals had directed the Arizona police officers to act in their stead and take petitioner into custody, pointing to a document that stated only that the state officer told petitioner he was being "taken into custody on the federal warrant." There was no evidence that Marshals ever directed the officer, so it was disingenuous for petitioner to point to the document as establishing that point. Along the same lines, petitioner submitted an excerpted copy of his federal prison history report showing that he had been "designated" on a certain day, suggesting that the federal government had taken custody of petitioner. Respondent submitted a full report, including an entry appearing on the same page of the document but missing from petitioner's copy that reclassified petitioner's "designated" status for the same time period as a "holdover" status.

At any rate, the court's decision to question petitioner's factual allegations does not demonstrate impartiality or prejudice. Because I am not persuaded that petitioner has raised a reasonable question of impartiality or prejudice, I will deny his motion for disqualification or recusal.

## B. Rule 60

Petitioner seeks relief under Rule 60(b)(1,)(2),(3) and (6) and 60(d)(3). Petitioner's arguments are summarized as follows: (1) he has new evidence; (2) respondent committed

4

fraud on the court; and (3) I was biased. Unfortunately, he brings his claims too late. Motions brought under Rule 60(b) must be "made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). If the Rule 60(b) motion can be made against the original judgment (if a court of appeals has not changed the issues), then the time limit starts to run from the district court's original judgment, not the court of appeals' affirmance. Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999) (collecting cases).

In this case, the court of appeals left the original judgment untouched, which means that petitioner could have brought the Rule 60(b) motion against that judgment. Because that judgment was entered on June 3, 2008, petitioner's March 2010 motion is well beyond the one-year limitations period set for Rule 60(b)(1), (2) and (3) motions.

As for petitioner's Rule 60(b)(6) argument that I was "biased" and "prejudiced" when deciding his case, the argument fails for two reasons. First, the argument about bias has been apparent since entry of judgment. It is too late for petitioner to bring the argument 21 months later, after appeal; such an argument is not "made within a reasonable time" under Rule 60(c)(1). Second, as I explained above, my statement that petitioner's allegations were "disingenuous" is not sufficient evidence of bias to warrant disqualification. Petitioner adds that he was also denied appointment of counsel, but this fact fails to suggest bias.

5

Petitioner also asserts Rule 60(d)(3), but that provision is not a separate basis for relief from judgment; instead, it explains only that Rule 60 is not intended to limit the court's inherent power to address fraud on the court. To the extent petitioner is asking the court to sanction respondent for alleged fraud, petitioner has failed to show why sanctions are warranted. His showing amounts to nothing more than disagreements about certain irrelevant facts and unsupported conclusory assertions. Because petitioner has failed to bring his Rule 60 motion in a timely manner and has failed to make a showing for sanctions, I will deny his request for relief from the judgment denying his petition for a writ of habeas corpus.

One final point. Although it may seem to petitioner that his arguments are being brushed aside on a technicality, the result would likely be the same had the merits of his arguments been addressed in detail. From the beginning, petitioner has lacked a single shred of evidence that (1) Arizona police took him in custody at the direction of federal officials or (2) the State of Arizona ever explicitly relinquished its custody of petitioner after Arizona police arrested him and placed him in county jail. (The court ordered a response only because petitioner's excerpted history report suggested that he had been "designated" to federal custody, suggesting the state may have relinquished the custody at that time. A complete history report dispelled that suggestion.) Without such evidence, petitioner is not entitled to obtain the habeas relief he pursues.

6

ORDER

IT IS ORDERED that

1. Harold LeRoy Fisher, Jr.'s motion for recusal or disqualification, dkt. #38, is DENIED.

2. Petitioner's motion for relief under Rule 60(b) and (d) is DENIED.

Entered this 20th day of April, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge